# IN THE SUPREME COURT OF IOWA

No. 18–0509

Filed June 12, 2019

**LOREN DANNER** and **PAN DANNER,**

Appellants,

vs.

**CARROLL COUNTY BOARD OF ADJUSTMENT,**

Appellee.

Appeal from the Iowa District Court for Carroll County, Kurt J. Stoebe, Judge.

Farmers appeal district court judgment upholding board of adjustment's denial of requested zoning variance. **AFFIRMED.**

Steven Hamilton of Hamilton Law Firm, P.C., Storm Lake, for appellants.

John C. Werden, County Attorney, and Aaron W. Ahrendsen, Assistant County Attorney, for appellee.

**PER CURIAM.**

In 2013, Loren and Pan Danner built a 127-foot-tall grain leg on their farmland in Carroll County. The grain leg sits under the flight path to the Arthur N. Neu Municipal Airport. The grain leg violates the Carroll County Airport Zoning Ordinance height restrictions by encroaching into protected airspace by sixty feet. The Danners failed to seek a variance before constructing the grain leg.

In July 2013, the Federal Aviation Administration (FAA) conducted an aeronautical study and concluded that if the Danners painted the grain leg and added lights to the top, the grain leg would not be a hazard to aviation. The Danners complied with those measures. The Carroll Airport Commission disagreed with the FAA's no-hazard determination and, in July 2015, filed an equitable action to have the grain leg declared a nuisance and removed or modified.

While the nuisance action was pending, the Danners applied to the Carroll County Board of Adjustment for a variance from the airport zoning height restrictions. The Board denied the variance in March 2017. In April, the Danners filed a petition for judicial review of the Board's decision. In June, the district court ruled on the commission's nuisance claim and concluded "that the grain leg violated state and local zoning ordinances and constituted a nuisance and an airport hazard under Iowa Code sections 329.2 and 657.2(8) (2015)." *Carroll Airport Comm'n v. Danner*, ___ N.W.2d ___, ___ (Iowa 2019). The court ordered the Danners to remove or modify the grain leg. *Id.* The Danners appealed the nuisance ruling. The nuisance ruling was on appeal during the judicial review proceedings. In both cases, the Danners raised a common defense—the FAA's no-hazard determination preempted local

regulations as a matter of law. The district court rejected that defense in the nuisance action.

On February 23, 2018, the district court entered its ruling on the judicial review petition and affirmed the Board's denial of the variance, again rejecting the preemption defense. The Danners appealed this ruling on March 23. We retained their appeal pending the outcome of the nuisance appeal in *Carroll Airport Commission.* The Danners conceded that the outcome of the *Carroll Airport Commission* nuisance appeal dictates the result in the judicial review appeal.

In September, the Iowa Court of Appeals affirmed the district court's ruling in the nuisance action. *Id.* at ___. The Danners petitioned for further review, which we granted. *Id.* We concluded the FAA no-hazard determination did not preempt state and local zoning laws and affirmed the district court ruling. *Id.* at ___. We gave the Danners an additional nine months from the date procedendo issued to remove or modify the grain leg. *Id.*

As the Danners acknowledge, *Carroll Airport Commission* adjudicated the same federal preemption issue they raised in this proceeding. Our opinion rejecting the Danners' preemption defense in *Carroll Airport Commission* is fatal to the Danners' appeal of the zoning variance denial. For that reason, we affirm the decision of the district court.

**AFFIRMED.**

This opinion shall not be published.